UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER GIRARD, <br> PLAINTIFF | : <br> : <br> : | CIVIL ACTION NO. <br><br> 3:03CV0566(CFD) |
| VS. | : <br> : | |
| THE ARROW LINE, INC./COACH USA <br> DEFENDANT | : <br> : | <br> OCTOBER 31, 2003 |

### RULE 26f - REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed: ........................... March 28, 2003

Date Complaint Served: ......................... April 1, 2003

Date of Defendant, The Arrow Line, Inc./
Coach USA's
Appearance  ................................. May 21, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held on various dates between May 15, 2003 to October 13, 2003. The participants were:

Owen P. Eagan for Plaintiff, Peter Girard;

Peter A. Janus for Defendant: The Arrow Line, Inc./Coach USA

**I.  Certification.**  Undersigned counsel certify that they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction.**

   A.   Federal Question Jurisdiction; Supplemental Jurisdiction.

   B.   Personal Jurisdiction is not contested.

**III.    Brief Description of the Case.**

   A.   Claims of Plaintiff:

The Plaintiff, Peter Girard, was a former employee of the Defendant, The Arrow Line, Inc./Coach USA. He worked over thirty (30) years for the Defendant in various capacities, including bus driver, safety director, dispatcher and operations manager of three (3) garages. He is sixty (60) years old and he was fired by the Defendant and replaced with a younger employee. He complains that he was discriminated against because of his age.

   B.   Defenses and Claims of Defendant:

The Defendant contends that it had not discriminated against the Plaintiff on the basis of his age and that he was fired for poor performance.

   **IV.    Statement of Undisputed Facts.**   Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state the following:

   8.   The Plaintiff, Peter Girard, is a citizen of the United States who resides at 81 Boulder Drive, Rocky Hill, Connecticut.

9.  The Defendant at the times relevant to these allegations of the Complaint, was The Arrow Line, Inc. (hereinafter "Arrow").  However, in mid-2003 the assets of Arrow were sold and its corporate name was changed to KILT of CT, Inc.

10.  The Defendant was the Plaintiff's former employer.

11.  At all times relevant herein, the Defendant employed more than 20 persons and is an employer under the ADA and CFEPA.

12.  The Plaintiff, Peter Girard, was born on May 22, 1942 and is 60 years old.

13.  He began working for Arrow in 1968.

14.  He worked twenty (20) years as a bus driver for Arrow from 1968 through 1988.

15.  The Plaintiff, Peter Girard, worked twelve (12) years for Arrow as the Safety Director from 1988 through 2000.

16.  As Safety Director, he was involved in the hiring of and in their initial training.

17.  The Plaintiff, Peter Girard, also filled in as needed in the role of dispatcher for Arrow at various times.

18.  In January of 2002, the three Divisional General Managers of Arrow decided to assume individual operations responsibility for their division utilizing their own personnel. Accordingly, Peter Girard was removed from his previous duties and assumed operations responsibility for the East Hartford division alone.

19.  Peter Girard was terminated on July 31, 2002.

20. Stephen Archambault, Arrow's President and General Manager, is 42 years old. He conferred with Arrow's regional Vice-President, Brian Shattle, who is 30 years old, regarding Arrow's decision to terminate Peter Girard.

**V.   Case Management Plan.**

A.   *Standing Order on Scheduling in Civil Cases.* The Parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as is described below.

B.   *Scheduling Conference with the Court.* The Plaintiffs do not request a pretrial conference with the Court before the entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). The Defendant does not request a pretrial settlement conference.

C.   *Early Settlement Conference.*

   1. The Parties have not been able to settle this case. They did have a settlement conference with Magistrate Judge William Garfinkle on July 23, 2003 where extensive settlement negotiations were conducted concerning the age discrimination claim and an overtime claim filed with the Department of Labor. However, the Parties were unable to resolve their differences at that time.

   2. The Parties do not believe an early settlement conference would be beneficial based on the unsuccessful settlement conference with Magistrate Judge William Garfinkle.

   3. If the Court assigns the Parties to attend a settlement conference, the Parties request a settlement conference with a Magistrate Judge William Garfinkle again.

   4. The Parties do not request a referral for alternative dispute resolution.

   e. The identities of all persons possessing knowledge concerning any of the factual allegations made in the Plaintiffs' Complaint or possessing knowledge concerning Defendant's defenses; and

   f. All issues raised in the pleadings and possibly other areas.

2. The Defendants anticipate discovery on all issues raised in the Complaint any affirmative defense and possibly other areas.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by October 15, 2003 and shall be completed by June 1, 2004.

4. Discovery will not be conducted in phases.

5. The parties anticipate that the Plaintiff will require a total of ten (10) depositions of fact witnesses and that the Defendant will require a total of ten (10) depositions of fact witnesses. The depositions will be commenced after October 15, 2003 and will be completed by June 1, 2004.

6. The Parties may request permission to serve more than 25 Interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 28, 2004. Depositions of any such experts will be completed by May 1, 2004.

8.  Defendant may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(s)(2) by March 30, 2004. Depositions of any such experts will be completed by June 1, 2004..

9.  A damages analysis will be provided on or before April 15, 2004.

F.  *Dispositive Motions.*  Dispositive motions will be filed on or before sixty (60) days after the close of discovery.

G.  *Joint Trial Memorandum.*  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days after any ruling on a dispositive motion. If no dispositive motion is filed, the joint trial memorandum will be filed on a date set by the Court.

**VII. Trial Readiness.**  The case will be ready for trial 60 days after the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF,<br>PETER GIRARD | DEFENDANT<br>THE ARROW LINE, INC/COACH USA |
|---|---|
| By_____<br>Owen P. Eagan, Esq.<br>Eagan & Donohue<br>24 Arapahoe Road<br>West Hartford, CT 06107<br>Federal Bar No. ct00716<br>(860)232-7200<br>His Attorney | By_____<br>Peter A. Janus, Esq.<br>Siegel, O'Connor, Zangari, O'Donnell<br>& Beck, P.C.<br>150 Trumbull Street<br>Hartford, CT  06103<br>Federal Bar No. ct06309<br>(860) 727-8900<br>Its Attorney |

ddl/G214/rule26new2