UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 29 P 2: 22
U.S. DISTRICT COURT
HARTFORD, CT.

---------------------------------------------------------------x
PETER GIRARD,
    PLAINTIFF                       :    CIVIL ACTION NO.
                                        :    3:03-CV-0566 (CFD)
V.                                        :

THE ARROW LINE INC./COACH USA    :
    DEFENDANT                    :    DECEMBER 24, 2003
---------------------------------------------------------------x

**DEFENDANTS' ANSWER TO COMPLAINT**

The defendant, The Arrow Line, Inc./Coach USA. (hereinafter "Coach") by and through its undersigned attorneys, hereby responds to the allegations of the complaint of the plaintiff, Peter Girard, utilizing the same paragraph numbering:

1.    The defendant admits that the plaintiff purports to make claims of employment discrimination under the ADEA and CFEPA. Defendant denies the validity of any such claims, and it denies any remaining allegations contained in Paragraph 1 of the plaintiff's complaint.

2.    The defendant admits that the plaintiff purports to make claims for which the Court has federal jurisdiction as cited. Also, the defendant admits that the plaintiff purports to make state law claims for which the Court has supplemental jurisdiction as cited. Defendant denies the validity of any such federal and state law claims. Defendant denies any remaining allegations contained in paragraph 2 of the plaintiff's complaint.

3.    The defendant admits the allegations of paragraph 3 of the plaintiff's complaint.

4.    The defendant admits the allegations of paragraph 4 of the plaintiff's complaint.

5.    The defendant admits the allegations of paragraph 5 of the plaintiff's complaint.

-2-

6. The defendant admits that the CHRO dismissed the plaintiff's administrative charges of age discrimination. Defendant denies any remaining allegations contained in paragraph 6 of the plaintiff's complaint.

7. The defendant lacks knowledge of facts sufficient to admit or deny the allegations contained in paragraph 7 of the plaintiff's complaint, and on that basis denies the same.

8. The defendant admits the allegations of paragraph 8 of the plaintiff's complaint based on the available information in the plaintiff's personnel file.

9. The defendant admits the following: the assets of The Arrow Line Inc. were sold in 2003 by Coach USA to Peter Pan Bus Lines, Inc. When Peter Pan purchased the assets of The Arrow Line, including the name, Peter Pan did not acquire the corporate entity. Since Peter Pan purchased the Arrow name, Coach subsequently changed the name of The Arrow Line, Inc. to KILT of CT, Inc. KILT of CT, Inc. is a wholly owned subsidiary of Coach USA; however, it does not have any real assets and is not an operating transportation services company. Defendant denies any remaining allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendant admits the allegations of paragraph 10 of the plaintiff's complaint.

11. The defendant admits the allegations of paragraph 11 of the plaintiff's complaint.

12. The defendant admits the allegations of paragraph 12 of the plaintiff's complaint based on the current information in the plaintiff's personnel file.

13. The defendant admits the allegations of paragraph 13 of the plaintiff's complaint based on the current information in the plaintiff's personnel file.

14. The defendant admits the allegations of paragraph 14 of the plaintiff's complaint based on the current information in the plaintiff's personnel file.

15.     The defendant admits the allegations of paragraph 15 of the plaintiff's complaint based on the current information in the plaintiff's personnel file.

16.     Admit only that as Safety Director, the plaintiff was involved in the hiring of drivers and in their initial training. The defendant denies any remaining allegations contained in paragraph 16 of the plaintiff's complaint.

17.     Admit only that the plaintiff filled in as needed in the role of dispatcher at various times. When he was Operations Manager, he oversaw the dispatching function. The defendant denies any remaining allegations contained in paragraph 17 of the plaintiff's complaint.

18.     Admit only that on or about August-September 2000 the plaintiff was appointed Operations Manager. The defendant denies any remaining allegations contained in paragraph 18 of the plaintiff's complaint.

19.     Admit only that beginning on or about August-September 2000 the plaintiff had responsibility for operations of the three Arrow divisions (Eastern Connecticut, Southern Connecticut and East Hartford). As Operations Manager the plaintiff reported to each of the division general managers, and he was responsible to see that the divisions had the necessary equipment and drivers to handle the work at these three locations. The plaintiff did not possess hiring and firing authority. The defendant denies any remaining allegations contained in paragraph 19 of the plaintiff's complaint.

20.     Admit only that in January 2002 the three division general managers decided to assume individual operations responsibility for their divisions, utilizing their own personnel. Accordingly, the plaintiff was removed from his previous duties and assumed operational duties with respect to the East Hartford division only, and he reported to Carl Lajeunesse. The

-4-

defendant denies any remaining allegations contained in paragraph 20 of the plaintiff's complaint.

21.    Admit only on the basis of the answer to paragraph 20 of the plaintiff's complaint. The defendant denies any remaining allegations of paragraph 21 of the plaintiff's complaint.

22.    Admit only that in January 2002 the plaintiff's salary was reduced by $250.00 per week because of his lessened responsibilities as described above in paragraph 20. The plaintiff had lost use of a company car in late 2000 or 2001. The defendant denies any remaining allegations contained in paragraph 22 of the plaintiff's complaint.

23.    The defendant denies the allegations of paragraph 23 of the plaintiff's complaint.

24.    Admit only that prior to July 2002 the defendant was looking to restructure its safety function. This review was not prompted by the bus accident in New York in July, but that incident may have expedited the defendant's plans for restructuring. As a result of this review, the defendant made the decision to hire a Safety Director. The defendant denies any remaining allegations contained in paragraph 24 of the plaintiff's complaint.

25.    The defendant denies the allegations of paragraph 25 of the plaintiff's complaint. He did not request consideration, nor did he apply for the safety Director position.

26.    The defendant denies the allegations of paragraph 26 of the plaintiff's complaint.

27.    The defendant admits the allegations of paragraph 27 of the plaintiff's complaint

28.    The defendant denies the allegations of paragraph 28 of the plaintiff's complaint.

29.    The defendant denies the allegations of paragraph 29 of the plaintiff's complaint.

30.    The defendant denies the allegations of paragraph 30 of the plaintiff's complaint.

31. Admit only that on or about July 31, 2002 the plaintiff was terminated from employment. The defendant denies any remaining allegations contained in paragraph 31 of the plaintiff's complaint.

32. Admit only the following: in late July 2002 Stephen Archambault, President/General Manager of the defendant, decided to hire operations personnel for each of the company's divisions. In addition, Scott Bernier, who had previously worked for four years as Operations manager for Mr. Archambault at another bus company, was hired to become the Operations Manager for the defendant. The defendant denies any remaining allegations contained in paragraph 32 of the plaintiff's complaint.

33. Admit only that the plaintiff had worked for the defendant since 1968 and had performed various duties and responsibilities, including driver, Safety Director and Operations Manager. The defendant denies any remaining allegations contained in paragraph 33 of the plaintiff's complaint.

34. The defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the plaintiff's complaint, and on that basis denies the same.

35. The defendant denies the allegations of paragraph 35 of the plaintiff's complaint.

36. The defendant denies the allegations of paragraph 36 of the plaintiff's complaint.

37. The defendant denies the allegations of paragraph 37 of the plaintiff's complaint.

38. The defendant denies the allegations of paragraph 38 of the plaintiff's complaint.

39. The defendant denies the allegations of paragraph 39 of the plaintiff's complaint.

40. The defendant denies the allegations of paragraph 40 of the plaintiff's complaint.

41.   The defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of the plaintiff's complaint, and on that basis denies the same.

42.   The defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of the plaintiff's complaint, and on that basis denies the same.

43.   The defendant denies the allegations of paragraph 41 of the plaintiff's complaint. The following individuals voluntarily resigned their employment with the defendant: Rose Colon, Michael Biedrzycki and Efrain Garcia. Peter Sklavouris was discharged for cause related to his job performance, and this matter had been submitted to arbitration under the collective bargaining agreement between the defendant and the Teamsters Union. Mr. Sklavouris' grievance did not allege any age discrimination.

44.   The defendant denies the allegations of paragraph 40 of the plaintiff's complaint.

45.   The defendant hereby incorporates by reference its answers to paragraphs 1 through 44 above.

46.   The defendant denies the allegations of paragraph 46 of the plaintiff's complaint.

47.   The defendant denies the allegations of paragraph 47 of the plaintiff's complaint.

48.   The defendant denies the allegations of paragraph 48 of the plaintiff's complaint.

49.   The defendant denies the allegations of paragraph 49 of the plaintiff's complaint.

50.   The defendant hereby incorporates by reference its answers to paragraphs 1 through 49 above.

51.   The defendant denies the allegations of paragraph 51 of the plaintiff's complaint.

52.   The defendant denies the allegations of paragraph 52 of the plaintiff's complaint.

53. The defendant denies the allegations of paragraph 53 of the plaintiff's complaint.

**DEMAND FOR RELIEF**

The defendant denies that the plaintiff is entitled to judgment, or any and all of the relief set forth in paragraphs 54 through 61 of her prayer for relief.

**REQUEST FOR TRIAL BY JURY**

The defendant denies that the plaintiff is entitled to a trial by jury in this matter.

**AFFIRMATIVE DEFENSES**

The defendant pleads defensively in the alternative as follows:

1. Failure to State a Claim. The complaint fails to state a claim upon which relief may be granted.

2. Privilege. The actions alleged in the complaint were at all times reasonable, privileged and justified.

3. Estoppel. Based on events and the plaintiff's actions, the plaintiff is estopped from asserting these claims against the defendant.

4. Failure to Mitigate. The plaintiff has had and continues to have the ability and opportunity to mitigate the damages alleged in his complaint and has failed to act reasonably to mitigate such damages.

FURTHER, the defendant reserves the right to assert any other affirmative defenses that become available during the course of this litigation.

-8-

WHEREFORE, the defendant demands judgment dismissing this Complaint and awarding its costs and disbursements, including attorneys' fees, and such other, further and different relief as this Count may deem just and proper.

          **DEFENDANT,**

          **ARROW LINE, INC./COACH USA**

By:   Siegel, O'Connor, Zangari, O'Donnell & Beck, P.C.
       Its Attorneys
       150 Trumbull Street
       Hartford, CT  06103
       (860) 727-8900

By:   _____
       Peter A. Janus
       Federal Bar No. ct06309

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Answer to Complaint has been mailed, postage prepaid, this 24th day of December 2003, to the following counsel of record:

>Owen P. Eagan
>Eagan & Donohue
>24 Arapahoe Road
>West Hartford, CT 06107

By: _____
Peter A. Janus