UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER GIRARD,            : | CIVIL ACTION NO. |
|     PLAINTIFF    : | |
| : | 3:03CV0566(CFD) |
| VS.                       : | |
| : | |
| THE ARROW LINE, INC./COACH USA   : | |
|     DEFENDANT    : | MARCH 31, 2004 |

**MOTION TO AMEND COMPLAINT**

The Plaintiff, Peter Girard, in the above-captioned matter hereby moves the Court to permit him to amend his Complaint per the appended Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure for the following reasons:

a.  To conform to the evidence;

b.  To clarify and define the Plaintiff's claims;

c.  To add a Count for negligent infliction of emotional distress claim; and

d.  To add a Second Count for overtime claims.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his complaint by leave of the Court and leave shall be freely given when justice so requires. The Second Circuit has stated:

> Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or, if no responsive pleading is permitted and the case has not yet been placed on the trial calendar, within twenty days after the pleading is served. After that

point, absent written consent from the opposing party leave to amend must be obtained from the district court. Fed. R. Civ. P. 15(a). However, Rule 15(a) specifies that "leave shall be freely given when justice so requires." Id. The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

The Plaintiff filed this Complaint on March 31, 2003. The new claims are based on the same or similar facts. The statute of limitations on the Plaintiff's new claims have not run. The Plaintiff could bring these new claims by separate action at this time, but sees no need to do so because this action is now pending.

The overtime wage claim was originally filed by the Plaintiff pro se with the Department of Labor. It was a major topic of discussion at the settlement conference before Magistrate Garfinkle. The resolution of this claim was, in fact, dependent upon the resolution of the overtime claim. The claim for failure to pay overtime was alleged in the Complaint at #34. Paragraph #34 reads: The Plaintiff, Peter Girard, worked on average at least twelve (12) to sixteen (16) hours per day for those thirty-three (33) years and was never paid overtime. The Plaintiff failed to specify the relevant Statute as required.

The Plaintiff also did not claim punitive damages. Nevertheless, the Defendant was on notice of the claim.

The Defendant was originally a bus company that sold all its assets to another bus company. The Defendant is now a holding company, holding the proceeds from the sale of the

bus Company assets which will be used to satisfy any judgment in this claim. The Department of Labor has had a difficult time discovering information because of the fact that the Defendant is only a holding company and essentially not doing business in the State of Connecticut.

There will be no undue prejudice to the Defendant. Discovery has just begun. The parties have recently exchanged answers to written interrogatories. No depositions have been taken yet by either party. The Defendant still has adequate time to prepare for trial and to complete its discovery.

Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules of Civil Procedure shall be construed and administered to secure a just, speedy and inexpensive determination of every action.

In order to secure a just, speedy and inexpensive determination of Peter Girard's claims against the Defendant, it is necessary that he amends his Complaint to provide for this additional claim.

Based on the above, the Plaintiff should be permitted to amend his Complaint.

This is the first Motion to Amend the Plaintiff's Complaint filed by the Plaintiff. The undersigned contacted opposing counsel who objects to this Motion.

**WHEREFORE**, the Plaintiff respectfully moves this Court to permit her to amend his Complaint pursuant to the Amended Complaint attached hereto.

        THE PLAINTIFF,
        PETER GIRARD

BY_____
        Owen P. Eagan,
        Eagan & Donohue
        24 Arapahoe Road
        West Hartford, CT 06107
        Federal Bar No. CT 00716
        (860) 232-7200

## **CERTIFICATION**

     This certifies that the foregoing Motion to Amend Complaint, has been sent to all pro se parties and counsel of record this 31st day of March, 2004 including the following:

Peter A. Janus, Esq.
Siegel, O'Connor, Zangari, O'Donnell
& Beck, P.C.
150 Trumbull Street
Hartford, CT   06103

_____
Owen P. Eagan

ddl/G214/mot.to amend

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER GIRARD, | : | CIVIL ACTION NO.: |
|     PLAINTIFF | : |    3:03CV0566(CFD) |
| | : | |
| VS. | : | |
| | : | |
| THE ARROW LINE, INC./COACH USA | : | |
|     DEFENDANT | : | MARCH 31, 2004 |

**AMENDED COMPLAINT**

**NATURE OF ACTION**

1. This is a civil action brought by the Plaintiff, Peter Girard, a former employee of the Defendant, The Arrow Line, Inc./Coach USA (hereinafter "Arrow"), alleging employment discrimination on account of age in violation of the Age Discrimination Act §621 *et. seq.* (hereinafter referred to as the ADA) and the Connecticut Fair Employment Practices Act (hereinafter referred to as the CFEPA).

**JURISDICTION**

2. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §626. With respect to the state law claims of the Plaintiff, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

3.     Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred within in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.     The Plaintiff, Peter Girard, timely filed administrative charges of age discrimination with the Connecticut Commission on Human Rights and Opportunities (hereinafter the CHRO) and the Equal Employment Opportunity Commission (hereinafter the EEOC) on or about October 11, 2002.  The charges contained allegations substantially the same as those set forth herein.

5.     More than 60 days have passed since the filing of the EEOC complaint and there has been no resolution of the complaint.

6.     On or about March 24, 2003, the CHRO improperly dismissed the Plaintiff's case despite the fact it acknowledged that the Plaintiff was 60 years old, that he was denied a promotion, that the promotion was given to a 36-year old male instead of him, that he was later fired without notice or cause and was immediately replaced by a 39-year old male.

7.     The Plaintiff has complied in law and equity with all the administrative prerequisites prior to filing this lawsuit.

**PARTIES**

8.  The Plaintiff, Peter Girard, is a citizen of the United States who resides at 81 Boulder Drive, Rocky Hill, Connecticut.

9.  The Defendant is Arrow Line, Incorporated / Arrow Line Coach USA (hereinafter "Arrow"), has a principal place of business at 30 Fargo Road, Waterford, Connecticut with offices at 19 George Street, East Hartford, Connecticut 06128.

10. The Defendant is the Plaintiff's former employer.

11. At all times relevant herein, the Defendant employed more than 20 persons and is an employer under the ADA and CFEPA.

**STATEMENT OF FACTS**

12. The Plaintiff, Peter Girard, was born on May 22, 1942 and is 60 years old.

13. He began working for Arrow in 1968.

14. He worked twenty (20) years as a bus driver for Arrow from 1968 through 1988.

15. The Plaintiff, Peter Girard, worked for Arrow as the Safety Director from 1988 through 1996.

16. As Safety Director, he hired drivers, trained drivers and dealt with all safety related work issues for Arrow.

17. The Plaintiff, Peter Girard, also operated as a dispatcher for Arrow from 1989 through July 31, 2002, the date of his discharge.

18. He also acted as an Operations Manager for Arrow from 1996 through September 2000.

19.     While he was Operations Manager for Arrow, he was in charge of three (3) locations, East Hartford, Milford and Waterford.

20.     In January, 2002 Arrow took away $250.00 of Peter Girard's weekly pay and Arrow took away Peter Girard's privilege to a company car which he previously enjoyed for over ten (10) years.

21.     Although Peter Girard complained about this discriminatory treatment, Arrow ignored his complaint.

22.     On July 31, 2002, Arrow needed to replace the Safety Director because a serious accident occurred in Rochester, New York, where several passengers were killed as a result of negligence of one of the Arrow drivers.

23.     That the Plaintiff, and the Defendant both knew Peter Girard could do a good job as Safety Director because he did it for over eight (8) years before. He spoke with William Keane, Arrow's Regional Safety Director, and requested that he be considered for that job.

24.     William Keane told Peter Girard that Arrow was going to hire a younger person to fill that position and that his application would not be considered.

25.   The Defendant, Arrow, hired Eric K. Gillman, who is 36 years old to act as Safety Director.

26.   Peter Girard complained on July 31, 2002 that Arrow was treating him unfairly by hiring a younger person with less experience.

27.   After Peter Girard complained, William Keane and Stephen Archambault were talking about him.

28.   Stephen Archambault said to William Keane, "whatever has to be done, has to be done before the end of the day."

29.   As a result of his complaint, Peter Girard was terminated on July 31, 2002.

30.   Peter Girard was replaced by a young man named Scott Bernier, who was approximately thirty-nine (39) years old and a dispatcher with only four (4) years experience in dispatch.

31.   The Plaintiff, Peter Girard, was a good employee with good evaluations and consistent pay raises for his good performance.

32.   The Plaintiff, Peter Girard, worked on average at least twelve (12) to sixteen (16) hours per day for those thirty-three (33) years and was never paid overtime.

33.   The Plaintiff, Peter Girard, was fired without warning and without cause.

34.   Stephen Archambault, Arrow's President and General Manager is 41 years old. He conferred with William Keane who is approximately 49 years old and Arrow's regional Vice-

President, Brian Shattle, who is 29 years old, regarding Arrow's decisions to discriminate against the Plaintiff, Peter Girard, on the basis of his age.

35. Stephen Archambault, William Keane and Brian Shattle's actions constitute the custom, policy, practice and actions of the Defendant, Arrow.

36. The Defendant, Arrow, discriminated against Peter Girard on a continuous basis from on or about January 2002 through the date of Peter Girard's termination on July 31, 2002.

37. The Defendant, Arrow, terminated the Plaintiff, Peter Girard, on the basis of his age in violation of the Age Discrimination Employment Act, 29 U.S.C. §621, et. seq. .

38. The Defendant, Arrow, terminated the Plaintiff, Peter Girard, on the basis of his age in violation of the Connecticut Fair Employment Practices Act, C.G.S. §46(a)-60(a)(1).

39. The Plaintiff, Peter Girard, would have worked at least another fifteen (15) years until he reached the age of seventy-five (75) years old.

40. The Plaintiff, Peter Girard, loved his job. He loved the people at his job and that he was respected by managers and employees alike.

41. At least four (4) other employees were fired by Arrow at or near the time the Plaintiff, Peter Girard was fired. These employees were fired on the basis of their age in violation of the ADEA and the CFEPA and they were:

   a. Rose Colon (upon information and belief, Rose Colon made a complaint of age and/or gender discrimination against the Defendant and this complaint was settled);

   b. Peter Sklavouris (upon information and belief, Peter Sklavouris made an age

discrimination complaint against the Defendant;

    c.  Michael Biedrzycki (upon information and belief, Michael Biedrzycki made a complaint of age discrimination against the Defendant and this complaint was settled); and

    d.  Efrain Garcia, (upon information and belief, Efrain Garcia made a complaint of age discrimination against the Defendant and this complaint was settled).

42.    The firing of older workers like the Plaintiff, Peter Girard, and replacing them with younger employees constitutes a pattern and/or practice of discrimination in violation of the ADEA and the CFEPA.

**COUNT ONE** (Age Discrimination)

43.    Paragraphs 1 through 42 are incorporated herein by reference.

44.    By the conduct described above, the Defendant, Arrow, has violated the ADEA, 29 U.S.C. §621 *et. seq.* at 29 U.S.C. §623(a) and the CFEPA at C.G.S. §46z-60(a)(1).

45.    By the above-described conduct, the Defendant, Arrow, has engaged in age discriminatory practices which were willful.

46.    As a result of the Defendant, Arrow's violations of the ADEA and the CFEPA as described above, the Plaintiff, Peter Girard, has suffered and continues to suffer a loss of employment, lost compensation, seniority and fringe benefits, and other rights, privileges and conditions of his employment.

47.    As a result of the Defendant, Arrow's violations of the age discrimination provisions of the CFEPA as described above, the Plaintiff, Peter Girard, suffered and continues to suffer from

depression, embarrassment, humiliation, emotional distress and loss of enjoyment of life.

**COUNT TWO** (Emotional Distress)

48. Paragraphs 1-47 above are incorporated herein by reference.

49. The Defendant, Arrow, engaged in unreasonable conduct involving unreasonable risk of causing the Plaintiff, Peter Girard, emotional distress.

50. The Defendant, Arrow, knew or should have known that the emotional distress it caused might result in illness and/or bodily harm.

51. The Defendant, Arrow's conduct was the proximate cause of the Plaintiff, Peter Girard's injury and damages.

**COUNT THREE** (Overtime)

52. Paragraphs 1-47 above are incorporated herein by reference.

53. In September of 2000, Dispatcher, Gilbert Pardos separated from Arrow Line, Inc. Thereafter, Peter Girard assumed all of Gilbert Pardos duties as dispatcher.

54. Peter Girard's primary duties became that of a dispatcher only.

55. He lost all his ability to act as an administrator, although he still had the title of Operations Manager.

56. He was paid a salary, but was really an hourly employee.

57. Peter Girard worked well over forty (40) hours per week for the Defendant.

58. He was on call twenty-four (24) hours a day, seven (7) days a week, three hundred sixty - five (365) days a year with the exception of his vacation.

59.     Peter Girard was not compensated by the Defendant for his overtime work in violation of §31-71a. of the Connecticut General Statutes.

60.     The Plaintiff claim for damages pursuant to §31-72 to collect the full amount of his wages, with costs, plus twice his pay, plus punitive damages, plus reasonable attorneys' fees as may be allowed by the Court.

**DEMAND FOR RELIEF**

      **WHEREFORE,** the Plaintiff, Peter Girard, demands that this Court:

62.     Issue a judgment for the Plaintiff, Peter Girard, declaring that the Defendant, Arrow, has violated the ADEA and the CFEPA.

63.     Award the Plaintiff, Peter Girard, full back pay and other lost benefits of his employment.

64.     Award the Plaintiff, Peter Girard, compensatory and other damages against the Defendant, Arrow, under C.G. S. §46a-104 of the CFEPA.

65.     Award the Plaintiff, Peter Girard, all damages pursuant to §31-72 et. seq. of the Connecticut General Statutes, including double damages, punitive damages and attorneys fees.

66.     Award the Plaintiff, Peter Girard, liquidated damages against the Defendant, Arrow, for the Defendant's willful violation of ADEA.

67. Award the Plaintiff, Peter Girard, attorney's fees.

68. Award the Plaintiff, Peter Girard, costs for bringing this action and pre- and post-judgment interest.

69. Award the Plaintiff, Peter Girard, any other legal or equitable relief that the Court deems appropriate.

**REQUEST FOR TRIAL BY JURY**

The Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

Respectfully Submitted,

THE PLAINTIFF,
PETER GIRARD


BY:_____
    Owen P. Eagan
    EAGAN & DONOHUE
    24 Arapahoe Road
    West Hartford, CT 06107
    Fed.Bar#: ct70016
    (860)232-7200

ddl/G214/amended complaint