IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PETER GIRARD,** | CASE NO.: 3:03CV0566(CFD) |
| Plaintiff, | |
| v. | |
| **THE ARROW LINE, INC./COACH USA,** | |
| Defendant. | APRIL 29, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

The plaintiff, Peter Girard ("Girard") filed a Motion to Amend Complaint, dated March 31, 2004. The plaintiff cites the following reasons in support of his attempt at this stage of the proceedings to amend his complaint:

1. To conform to the evidence;

2. To clarify and define the Plaintiff's claims;

3. To add a Count for negligent infliction of emotional distress claim; and

4. To add a Second Count for overtime claims.

The defendant opposes this motion to amend complaint for the reasons set forth below in this memorandum of law.

I. **STATEMENT OF CASE**

The complaint in this case was filed by the plaintiff over a year ago on March 31, 2003, consisting of two counts: age discrimination in violation of the Age Discrimination

in Employment Act ("ADEA") and the Connecticut Fair Employment Practices Act ("FEPA"); and an emotional distress claim arising from the same allegations that comprise the ADEA cause of action.

The plaintiff alleges that he was employed by the Arrow Line, Inc./Coach USA ("Arrow") from approximately 1968 through July 31, 2002. He held various positions with Arrow, including bus driver, Safety Director and Operations Manager. In January 2002 Arrow underwent a reorganization at which time Girard's position as Operations Manager was restructured and he was demoted. Subsequently, on July 31, 2002 Arrow terminated Girard as the result of a further reorganization of its operations and the determination that, based on his previous job performance, Girard was not suited for any available positions.

On May 21, 2003 the defendant filed a Motion to Dismiss seeking dismissal of the Second Count of the Complaint (Emotional Distress). On December 9, 2003 the Court denied this motion without prejudice to filing a motion for summary judgment.

Pursuant to Fed. R. Civ. Proc. 26(f) on October 31, 2003 the plaintiff and defendant jointly submitted their Rule 26(f) – Report of the Parties' Planning Meeting. Under the Report's Case Management Plan, Part V, Section D, Paragraph 2, the parties agreed to the following:

> "Subsequent to the Court's ruling on the Motion to Dismiss, the Plaintiff should have twenty (20) days to Amend his Complaint. . ."

Accordingly, under the Case Management Plan, the plaintiff was obligated to file any amendment to his complaint no later than December 29, 2003.

2

On December 29, 2003 the defendant filed its Answer to Complaint.

The parties commenced discovery with the plaintiff serving Interrogatories and Requests for Production upon the defendant on December 5, 2003. The defendant submitted its responses on February 2, 2004. On February 11, 2004 the defendant served its First Set of Interrogatories and First Request for Production of Documents, and the plaintiff responded to them on April 5, 2004. The defendant deposed the plaintiff on April 28, 2004, and the plaintiff has scheduled two depositions of defendant's representatives for June 2004.

Pursuant to the Case Management Plan, all discovery is to be completed by June 1, 2004. Dispositive motions are to be filed on or before July 31, 2004.

## II. **ARGUMENT**.

The plaintiff's motion to amend his complaint by adding <u>new</u> counts at this time should be denied. The defendant does not object to those revisions, which merely clarify or define the plaintiff's existing claims, or which conform the <u>existing</u> allegations to the evidence in this case.

### A. The Standard of Review For This Motion to Amend Comes Under Rule 16(b) Rather Than Rule 15(a).

In support of his motion to amend the plaintiff relies upon Rule 15 of the Federal Rules of Civil Procedure, and he cites <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962) which interpreted Rule 15 to mean that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules."

However, since a scheduling order and Case Management Plan has been entered in this case, including a deadline for amendment of the pleadings, the standard

3

for review of this motion to amend is not Rule 15(a). Rather, under <u>Parker v. Columbia Pictures Industries, Inc.</u>, 204 F. 3d 326 (2d Cir. 2000), the Second Circuit held that the Rule 16(b) standard applies instead. In <u>Trilegiant Corporation v. BP Products North America</u>, No. 3:02CV2237 (MRK) (D.Conn. April 6, 2004), this district court stated the following:

> "In *Parker*, the Second Circuit made it clear that Rule 16's good cause standard supercedes the more liberal standard of Rule 15(a) when a motion to amend is filed after the deadline set by a scheduling order for amending pleadings."
>
> (Slip. Op., p. 4)

See also, <u>Callahan v. Unisource Worldwide, Inc., et al.</u>, 2004 WL 413268 (D. Conn. February 24, 2004); <u>Grochowski v. Phoenix Construction</u>, 318 F.3d 80 (2nd Cir. 2003).

Rule 16(b) of the federal rules states that a "schedule shall not be modified except upon a showing of good cause and by leave of the district court." This differs from Rule 15(a), which provides that an amendment "shall be freely given." Under Rule 16(b), the matter is left to the court's discretion, and the court may

> "deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to case deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment."

<u>Bayonne v. Pitney Bowes, Inc.</u>, 2004 WL 169285, p. 3 (D. Conn. January 12, 2004); <u>Parker v. Columbia Pictures Industries</u>, at 339-40.

4

For the reasons which follow below, the defendant submits that this motion to amend should be denied under the Rule 16(b) standard of review.

**B.   The Plaintiff's Motion to Amend Should Be Denied for Lack of Good Cause Under Rule 16(b).**

The defendant submits that the plaintiff lacks good cause for his motion to amend at this time. There is undue delay in this amendment; the defendant will be prejudiced by it; and the amendment in part would be futile.

The plaintiff seeks to amend his complaint over one year after the filing of his original complaint. The facts surrounding the new counts were clearly within the knowledge of the plaintiff prior to March 31, 2003. This motion to amend also arises over three (3) months after the deadline for amendment of pleadings that was included in the parties' Case Management Plan jointly submitted to the court on October 31, 2003.

Nowhere in the plaintiff's motion to amend does he state or offer an explanation for the delay of time in seeking his amendment. Accordingly, no "good cause" has been shown that warrants the court's grant of the motion. Winder v. Aetna Corporation, 1999 WL 305427 (D. Conn.). in the case of considerable delay in filing a motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay. Messier v. Southbury Training School, 199 WL 20907 (D. Conn); Evans v. Syracuse City School Dist., 704 F.2d 44 (2d Cir. 1983).

To the contrary, the defendant will be prejudiced since discovery commenced in December, 2003, the defendant recently deposed the plaintiff, discovery under the scheduling order must be completed by June 1, 2004, and dispositive motions must be filed within 60 days after the completion of discovery. The proposed overtime claim

5

alone will necessitate extensive discovery and document review, thereby causing an unreasonable delay to the present scheduling order and Case Management Plan.

Finally, the amendment which the plaintiff seeks "To Add a Count for Negligent Infliction of Emotional Distress Claim," should be denied based on the futility of this amendment.

> "In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim."

Senich v. American-Republican, Inc., 215 F.R.D. 40, 41 (D. Conn. 2003) (citing Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

This court previously has rejected motions to amend based on futility, where the amendment sought to add a count for negligent infliction of emotional distress, as the plaintiff seeks in this case. Asher v. Flexi International Software, Inc., 2003 WL 2002778 (D. Conn. March 31, 2003); Coleman v. Aztec Lighting, 2004 WL 213031 (D. Conn. January 28, 2004). The basis for these decisions stems from the Connecticut Supreme Court decision in Perodeau v. City of Hartford, 259 Conn. 729 (2002) which held that only conduct occurring during the termination of employment could serve to support a claim of negligent infliction of emotional distress. See also, Armstead v. Stop & Shop Cos., 2003 WL 1343245 (D. Conn. March 17, 2003); Copeland v. Home and Community Health Servs., 2003 WL 22240629 (D. Conn. September 29, 2003).

In the present case the plaintiff does not allege unlawful conduct by the defendant that arose in the termination process. The allegations of the complaint and

6

the proposed, amended complaint "refer only to conduct that occurred during the course of his employment." Coleman v. Aztec Lighting, at p. 4. Therefore, the motion to add this count to the complaint should be denied.

### III.  CONCLUSION.

For the reasons above and based upon the cited authority, the court should deny the plaintiff's motion to amend in order that the parties may adhere to the scheduling order and their jointly submitted Case Management Plan.

DEFENDANT,

THE ARROW LINE, INC./COACH USA

By: Siegel, O'Connor, Zangari,
    O'Donnell & Beck, P.C.
Its Attorneys
150 Trumbull Street
Hartford, Connecticut  06103
(860) 727-8900

By: _____
Peter A. Janus
Federal Bar No.  ct06309

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2004, a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Amend Complaint was mailed, first class mail, postage pre-paid to:

Owen P. Eagan, Esq.
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107

_____
Peter A. Janus