FILED

2004 JUL -6 P 12: 56

U.S. DISTRICT COURT
HARTFORD CT.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER GIRARD, | : | CIVIL ACTION NO.: |
| PLAINTIFF | : | 3:03CV0566(CFD) |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| THE ARROW LINE, INC./COACH USA | : | |
| DEFENDANT | : | MARCH 31, 2004 |

## AMENDED COMPLAINT

### NATURE OF ACTION

1.     This is a civil action brought by the Plaintiff, Peter Girard, a former employee of the

Defendant, The Arrow Line, Inc./Coach USA (hereinafter "Arrow"), alleging employment

discrimination on account of age in violation of the Age Discrimination Act §621 *et. seq.*

(hereinafter referred to as the ADA) and the Connecticut Fair Employment Practices Act

(hereinafter referred to as the CFEPA).

### JURISDICTION

2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 29

U.S.C. §626.  With respect to the state law claims of the Plaintiff, this Court has supplemental

jurisdiction pursuant to 28 U.S.C. §1367 in that the claims are so related to the federal claims

that they form part of the same case or controversy under Article III of the United States

Constitution.

**VENUE**

3.     Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b)

because the events giving rise to the claims occurred within in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.     The Plaintiff, Peter Girard, timely filed administrative charges of age discrimination with

the Connecticut Commission on Human Rights and Opportunities (hereinafter the CHRO) and

the Equal Employment Opportunity Commission (hereinafter the EEOC) on or about October 11,

2002.  The charges contained allegations substantially the same as those set forth herein.

5.     More than 60 days have passed since the filing of the EEOC complaint and there has been

no resolution of the complaint.

6.     On or about March 24, 2003, the CHRO improperly dismissed the Plaintiff's case despite

the fact it acknowledged that the Plaintiff was 60 years old, that he was denied a promotion, that

the promotion was given to a 36-year old male instead of him, that he was later fired without

notice or cause and was immediately replaced by a 39-year old male.

7.     The Plaintiff has complied in law and equity with all the administrative prerequisites

prior to filing this lawsuit.

**PARTIES**

8.     The Plaintiff, Peter Girard, is a citizen of the United States who resides at 81 Boulder

Drive, Rocky Hill, Connecticut.

9.     The Defendant is Arrow Line, Incorporated / Arrow Line Coach USA (hereinafter

"Arrow"), has a principal place of business at 30 Fargo Road, Waterford, Connecticut with

offices at 19 George Street, East Hartford, Connecticut 06128.

10.     The Defendant is the Plaintiff's former employer.

11.     At all times relevant herein, the Defendant employed more than 20 persons and is an

employer under the ADA and CFEPA.

**STATEMENT OF FACTS**

12.     The Plaintiff, Peter Girard, was born on May 22, 1942 and is 60 years old.

13.     He began working for Arrow in 1968.

14.     He worked twenty (20) years as a bus driver for Arrow from 1968 through 1988.

15.     The Plaintiff, Peter Girard, worked for Arrow as the Safety Director from 1988 through

1996.

16.     As Safety Director, he hired drivers, trained drivers and dealt with all safety related work

issues for Arrow.

17.     The Plaintiff, Peter Girard, also operated as a dispatcher for Arrow from 1989 through

July 31, 2002, the date of his discharge.

18.    He also acted as an Operations Manager for Arrow from 1996 through September 2000.

19.    While he was Operations Manager for Arrow, he was in charge of three (3) locations, East Hartford, Milford and Waterford.

20.    In January, 2002 Arrow took away $250.00 of Peter Girard's weekly pay and Arrow took away Peter Girard's privilege to a company car which he previously enjoyed for over ten (10) years.

21.    Although Peter Girard complained about this discriminatory treatment, Arrow ignored his complaint.

22.    On July 31, 2002, Arrow needed to replace the Safety Director because a serious accident occurred in Rochester, New York, where several passengers were killed as a result of negligence of one of the Arrow drivers.

23.    That the Plaintiff, and the Defendant both knew Peter Girard could do a good job as Safety Director because he did it for over eight (8) years before.  He spoke with William Keane, Arrow's Regional Safety Director, and requested that he be considered for that job.

24.    William Keane told Peter Girard that Arrow was going to hire a younger person to fill that position and that his application would not be considered.

25.     The Defendant, Arrow, hired Eric K. Gillman, who is 36 years old to act as Safety
Director.

26.     Peter Girard complained on July 31, 2002 that Arrow was treating him unfairly by hiring
a younger person with less experience.

27.     After Peter Girard complained, William Keane and Stephen Archambault were talking
about him.

28.     Stephen Archambault said to William Keane, "whatever has to be done, has to be done
before the end of the day."

29.     As a result of his complaint, Peter Girard was terminated on July 31, 2002.

30.     Peter Girard was replaced by a young man named Scott Bernier, who was approximately
thirty-nine (39) years old and a dispatcher with only four (4) years experience in dispatch.

31.     The Plaintiff, Peter Girard, was a good employee with good evaluations and consistent
pay raises for his good performance.

32.     The Plaintiff, Peter Girard, worked on average at least twelve (12) to sixteen (16) hours
per day for those thirty-three (33) years and was never paid overtime.

33.     The Plaintiff, Peter Girard, was fired without warning and without cause.

34.     Stephen Archambault, Arrow's President and General Manager is 41 years old.  He
conferred with William Keane who is approximately 49 years old and Arrow's regional Vice-

President, Brian Shattle, who is 29 years old, regarding Arrow's decisions to discriminate against the Plaintiff, Peter Girard, on the basis of his age.

35.     Stephen Archambault, William Keane and Brian Shattle's actions constitute the custom, policy, practice and actions of the Defendant, Arrow.

36.     The Defendant, Arrow, discriminated against Peter Girard on a continuous basis from on or about January 2002 through the date of Peter Girard's termination on July 31, 2002.

37.     The Defendant, Arrow, terminated the Plaintiff, Peter Girard, on the basis of his age in violation of the Age Discrimination Employment Act, 29 U.S.C. §621, et. seq. .

38.     The Defendant, Arrow, terminated the Plaintiff, Peter Girard, on the basis of his age in violation of the Connecticut Fair Employment Practices Act, C.G.S. §46(a)-60(a)(1).

39.     The Plaintiff, Peter Girard, would have worked at least another fifteen (15) years until he reached the age of seventy-five (75) years old.

40.     The Plaintiff, Peter Girard,  loved his job.  He loved the people at his job and that he was respected by managers and employees alike.

41.     At least four (4) other employees were fired by Arrow at or near the time the Plaintiff, Peter Girard was fired.  These employees were fired on the basis of their age in violation of the ADEA and the CFEPA and they were:

      a.   Rose Colon (upon information and belief, Rose Colon made a complaint of age and/or gender discrimination against the Defendant and this complaint was settled);

b.  Peter Sklavouris (upon information and belief, Peter Sklavouris made an age discrimination complaint against the Defendant;

c.  Michael Biedrzycki (upon information and belief, Michael Biedrzycki made a complaint of age discrimination against the Defendant and this complaint was settled); and

d.  Efrain Garcia, (upon information and belief, Efrain Garcia made a complaint of age discrimination against the Defendant and this complaint was settled).

42.  The firing of older workers like the Plaintiff, Peter Girard, and replacing them with younger employees constitutes a pattern and/or practice of discrimination in violation of the ADEA and the CFEPA.

**COUNT ONE** (Age Discrimination)

43.  Paragraphs 1 through 42 are incorporated herein by reference.

44.  By the conduct described above, the Defendant, Arrow, has violated the ADEA, 29 U.S.C. §621 *et. seq.* at 29 U.S.C. §623(a) and the CFEPA at C.G.S. §46z-60(a)(1).

45.  By the above-described conduct, the Defendant, Arrow, has engaged in age discriminatory practices which were willful.

46.  As a result of the Defendant, Arrow's violations of the ADEA and the CFEPA as described above, the Plaintiff, Peter Girard, has suffered and continues to suffer a loss of employment, lost compensation, seniority and fringe benefits, and other rights, privileges and conditions of his employment.

-7-

47.    As a result of the Defendant, Arrow's violations of the age discrimination provisions of

the CFEPA as described above, the Plaintiff, Peter Girard, suffered and continues to suffer from

depression, embarrassment, humiliation, emotional distress and loss of enjoyment of life.

**COUNT TWO** (Emotional Distress)

48.    Paragraphs 1-47 above are incorporated herein by reference.

49.    The Defendant, Arrow, engaged in unreasonable conduct involving unreasonable risk of

causing the Plaintiff, Peter Girard, emotional distress.

50.    The Defendant, Arrow, knew or should have known that the emotional distress it caused

might result in illness and/or bodily harm.

51.    The Defendant, Arrow's conduct was the proximate cause of the Plaintiff, Peter Girard's

injury and damages.

**COUNT THREE** (Overtime)

52.    Paragraphs 1-47 above are incorporated herein by reference.

53.    In September of 2000, Dispatcher, Gilbert Pardos separated from Arrow Line, Inc.

Thereafter, Peter Girard assumed all of Gilbert Pardos duties as dispatcher.

54.    Peter Girard's  primary duties became that of a dispatcher only.

55.    He lost all his ability to act as an administrator, although he still had the title of

Operations Manager.

56.    He was paid a salary, but was really an hourly employee.

57.    Peter Girard worked well over forty (40) hours per week for the Defendant.

58.    He was on call twenty-four (24) hours a day, seven (7) days a week, three hundred sixty -

five (365) days a year with the exception of his vacation.

59.    Peter Girard was not compensated by the Defendant for his overtime work in violation of

§31-71a. of the Connecticut General Statutes.

60.    The Plaintiff claim for damages pursuant to §31-72 to collect the full amount of his

wages, with costs, plus twice his pay, plus punitive damages, plus reasonable attorneys' fees as

may be allowed by the Court.

**DEMAND FOR RELIEF**

   **WHEREFORE,** the Plaintiff, Peter Girard, demands that this Court:

62.    Issue a judgment for the Plaintiff, Peter Girard, declaring that the Defendant, Arrow, has

violated the ADEA and the CFEPA.

63.    Award the Plaintiff, Peter Girard, full back pay and other lost benefits of his employment.

64.    Award the Plaintiff, Peter Girard, compensatory and other damages against the

Defendant, Arrow, under C.G. S. §46a-104 of the CFEPA.

65.    Award the Plaintiff, Peter Girard, all damages pursuant to§31-72 et. seq. of the

Connecticut General Statutes, including double damages, punitive damages and attorneys fees.

66.    Award the Plaintiff, Peter Girard, liquidated damages against the Defendant, Arrow, for the Defendant's willful violation of ADEA.

67.    Award the Plaintiff, Peter Girard, attorney's fees.

68.    Award the Plaintiff, Peter Girard, costs for bringing this action and pre- and post-judgment interest.

69.    Award the Plaintiff, Peter Girard, any other legal or equitable relief that the Court deems appropriate.

**REQUEST FOR TRIAL BY JURY**

The Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

Respectfully Submitted,

THE PLAINTIFF,
PETER GIRARD

BY:_____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Fed.Bar#: ct70016
(860)232-7200

ddl/G214/amended complaint

-10-